UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

                                      Bankruptcy Case No.: 8:13-bk-05567-MGW

Joyce Lynn Galiardo,

                                      Chapter 13

    Debtor.
_____/

Frederick Galiardo,

    Plaintiff,

vs.                                             Adv. Pro. No.: 8:13-ap-00583-MGW

Joyce Lynn Galiardo,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S
AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT**

      Bankruptcy Code § 523(a)(5) provides that a debt for a domestic support obligation is nondischargeable. A domestic support obligation is a debt owed to a former spouse in the nature of alimony, maintenance, or support of such spouse. Whether a debt is in the nature of support is determined by an element of need. In this case, the Debtor's former husband seeks to have a debt owed to him by the Debtor, based on a judgment in the amount of $222,650.00 arising from overpayment of spousal support, declared nondischargeable as a domestic support obligation. Because the Debtor's former husband failed to establish any need for support in regard to the repayment of the debt, the Court finds that the debt does not fall within the § 523(a)(5) exception. Accordingly, the Court will enter summary judgment in favor of the Debtor finding that the claim arising from the judgment is dischargeable.

**Factual and Procedural Background**

The Plaintiff in this proceeding is the Debtor's former husband ("Plaintiff" or "former husband"). The debt in controversy arose as a result of overpayments made by the former husband under a marital settlement agreement (the "Separation Agreement") dating back to 1992. The Separation Agreement called for the Plaintiff to pay the Debtor a sum of money, by way of installments, over a number of years. The former husband inadvertently continued making payments for approximately two years after the Debtor was paid in full. When the former husband realized this, he went back to the state court presiding over his divorce case and filed an action for unjust enrichment to the extent that his former wife had received monies that were not owing to her. The state court judge agreed that the Debtor had been unjustly enriched and entered a final judgment against the Debtor in the amount of $222,650.00.[1] That judgment is the subject matter of this dischargeability proceeding.

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on April 29, 2013. Shortly thereafter, the Debtor's former husband initiated this adversary proceeding to determine the dischargeability of the debt owed to him. Because the debt was incurred in connection with the Separation Agreement and the case was initially pending under Chapter 7, he sought to except the debt from discharge under both 11 U.S.C. § 523(a)(5) and (15). While the case was pending as a Chapter 7, the former husband filed a motion for partial summary judgment as to the first count of the complaint, brought under § 523(a)(15).[2] However, the Debtor subsequently converted her case to a chapter 13, thereby rendering the § 523(a)(15) count moot, as debts arising from marital property settlements are only excepted from discharge in chapter 7 and are

---

[1] Adv. Doc. No. 16 at 28.

[2] Adv. Doc. No. 11.

dischargeable in a chapter 13 case.[3] The debtor then filed an amended motion for partial summary judgment as to the count brought under § 523(a)(5) that is now before the Court.[4]

## Conclusions of Law[5]

Bankruptcy Code § 523(a)(5) provides that a debt for a domestic support obligation is nondischargeable in bankruptcy. A domestic support obligation is defined under § 101(14A) as a debt owed to a former spouse in the nature of alimony, maintenance, or support of such spouse. The "distilled essence" of § 101(14A) is that a domestic support obligation is a debt that is in the nature of support of the former spouse.[6] In this case, there is no question that the debt in controversy is owed to the Debtor's former husband. The issue is whether the debt owed is in the nature of support of the former husband, for purposes of § 101(14A).

A review of cases bearing on this topic reveals that whether a debt is in the nature of support is determined by an element of need.[7] Cases finding that a debt arising from an overpayment of support may be characterized as a nondischargeable domestic support obligation have facts to support a conclusion that the judgment is, in fact, in the nature of support because of the continued need by the party to whom overpayment was to be returned.[8] And in cases

---

[3] 11 U.S.C. § 1328(a)(2) states, in pertinent part, that after completion of payments under the plan, the court shall grant the debtor a discharge of all debts provided for by the plan, except for any debt of the kind specified in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a). Debts falling within § 523(a)(15) are, therefore, dischargeable in a Chapter 13 case.

[4] Adv. Doc. No. 15.

[5] The Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and 11 U.S.C. § 523. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

[6] *In re Taylor*, 478 B.R. 419, 425 (10th Cir. BAP 2012).

[7] *In re Lutzke*, 223 B.R. 552, 554 (Bankr. D. Or. 1998) ("'Need' is an important factor in determining whether a debt is actually in the nature of support.").

[8] *Norbut v. Norbut (In re Norbut)*, 387 B.R. 199, 208 (Bankr. S.D. Ohio 2008) (Court acknowledged that overpaid funds, which came from the plaintiff's pension, were intended for the plaintiff's sustenance and that "…an order requiring [the payments made to the debtor] to be returned to the plaintiff would inevitably have the effect of

where there is not a showing of a need for support by the former spouse to whom repayment is owed, courts hold that the debt cannot be properly characterized as a domestic support obligation and is, therefore, not protected under § 523(a)(5).[9] So when a former spouse does not establish an element of need or a disparity of incomes, courts generally hold that the judgment cannot be characterized as a domestic support obligation simply because it is the return of money that was wrongfully paid.[10]

The case at hand falls squarely within the second line of cases. There is no question that the former husband's judgment for repayment was not based on a need for support by the former husband. The repayment is based on the former husband's unintentional failure to notify his bookkeeper to stop making payments once the required payments had been made in full. There was no finding by the state court of wrongdoing on the part of the former wife. The law simply provides that when someone is unjustly enriched by receipt of monies that they are not entitled to, they have to pay it back.[11]

---

providing support to the plaintiff."); *see In re Knott*, 482 B.R. 852, 856 (Bankr. N.D. Ga. 2012) (In a § 507 priority context, the court held that because the former husband was paying half of the child's support while he had full custody of the child, the repayment obligation may be characterized as 'intended for and in the nature of support' of the child.).

[9] *In re Taylor*, 478 B.R. at 426 (finding that debt arising from overpayment of spousal support could not be characterized as a domestic support obligation because there was no evidence of a need for support by the former spouse); *In re Lutzke*, 223 B.R. at 554 (claim for overpayment of child support was not given priority status as a domestic support obligation under § 507(a)(7) because there was no evidence demonstrating that the repayment would function as support for the former spouse).

[10] *Lankford v. Drinkard (In re Drinkard)*, 245 B.R. 91, 94 (Bankr. N.D. Tex. 2000); *Bartos v. Kloeppner (In re Kloeppner),* 460 B.R. 759, 762 (Bankr. D. Minn. 2011) (Court found that the plaintiff's award of repayment was not in the nature of support nor did it function as support; "[i]nstead, it is the return of money that [the plaintiff] never should have paid [the debtor].").

[11] The essential elements included under a theory of unjust enrichment are a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof. *Rite-Way Painting & Plastering, Inc. v. Tetor*, 582 So.2d 15 (Fla. 2d DCA 1991).

Because the judgment for repayment was not based on need for support of the former husband, the Court finds that this type of debt does not give rise to the exception to discharge for domestic support obligations. The only remaining question before the Court is whether the fact that the judgment was related to a divorce decree, under which the former husband was required to provide the Debtor with support, somehow results in the unjust enrichment judgment being transformed into a domestic support obligation. The Court concludes that it does not.

In support of this conclusion, the Court relies on the reasoning set forth in the case *In re Taylor*.[12] In that case, faced with a similar argument, the Tenth Circuit affirmed the bankruptcy court's decision that debt for which a finding of nondischargeability is being sought must be in the nature of support.[13] The "in connection with" language necessarily relied upon by the former husband in this case is only found in § 523(a)(15), which this Court previously noted is not applicable in this case now that it is a chapter 13.

The only authority cited by the former husband is *In re Knott*.[14] But even under that case, there still must be some evidence of the relative need of the parties. And in *Knott*, the court concluded that the case before it presented a somewhat unusual set of facts in which the repayment obligation arose from excess child support paid at a time when the husband was, in addition to paying child support to the debtor, providing at least half of the child support while the child was in the husband's custody.[15] Therefore, the repayment obligation to the husband could properly be characterized as intended for and in the nature of support of the child. That is

---

[12] *In re Taylor*, 478 B.R. 419.

[13] *Id.* at 426 ("That the debt is based on [the former husband]'s overpayment of spousal support to [the debtor] does not make it support for [the former husband]. Because it is not support, it is not protected by § 523(a)(5).").

[14] *In re Knott*, 482 B.R. 852.

[15] *Id.* at 856.

not the case here. Here, the judgment is based entirely on unjust enrichment and there was no need for support for the husband or any dependent born of their marriage.

For these reasons, the Court finds that the debt owed to the former husband does not fall within the exception to 11 U.S.C. § 523(a)(5) and the debt will be subject to the discharge as may be entered in this chapter 13 case. Consequently, the former husband's motion for summary judgment must be denied.

Furthermore, because the Court finds that the debt rising from the overpayment of spousal support is not a domestic support obligation in this case, the Court will grant summary judgment in favor of the Debtor notwithstanding the absence of a cross-motion. "When a party moves for summary judgment, a court may *sua sponte* grant summary judgment in favor of the non-moving party, if the non-moving party is on notice of the issues to be ruled upon and if the non-movant is entitled to summary judgment as a matter of law."[16]

Case law from the Eleventh Circuit holds that the Court possesses the power to enter summary judgment *sua sponte* "provided the losing party 'was on notice that she had to come forward with all of her evidence.'"[17] Here, the "losing party" is the party that brought the motion for summary judgment. In order to succeed on his motion for summary judgment, the former husband needed to come forward with all of his evidence to establish that the judgment entered in his favor was based on his need for support. It is evident to the Court that if the former husband had evidence weighing in his favor, he would have made it known to the Court in his motion for summary judgment, or at the hearing on the motions. For these reasons, there is no

---

[16] *In re Antar*, 2013 WL 1622217, *4 (Bankr. S.D. Fla. 2013).

[17] *Burton v. City of Belle Glade*, 178 F.3d 1175, 1203 (11th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see British Caledonian Airways Ltd. v. First State Bank of Bedford, Texas*, 819 F.2d 593, 595 (5th Cir. 1987); *see also Landry v. G.B.A.*, 762 F.2d 462, 464 (5th Cir. 1987) (court may grant summary judgment against movant even though opposing party has not filed motion).

cause for concern that the former husband was not afforded an opportunity to make his case and show why summary judgment should not be granted against him.

## Conclusion

The undisputed facts of this case show that the debt in controversy is a judgment for the repayment of spousal support that the former husband overpaid to the Debtor in conjunction with their Separation Agreement. But the former husband failed to establish any need for support in regard to the repayment of the debt. As a result, the Court finds that the debt is not in the nature of support. Because the debt is not in the nature of support, and cannot properly be characterized as a domestic support obligation, the Court finds that the debt does not fall within the § 523(a)(5) exception. On these undisputed facts, the Court will deny the Plaintiff's motion for partial summary judgment, and will grant summary judgment *sua sponte* in favor of the Debtor. Accordingly, it is

**ORDERED:**

1. The Plaintiff's amended motion for partial summary judgment is DENIED.

2. The Court, *sua sponte,* enters summary judgment in favor of the Defendant and finds that the debt owed to the Plaintiff is dischargeable (conditioned upon the entry of a discharge in this Chapter 13 case).

3. The Court will simultaneously enter a separate summary final judgment consistent with this Memorandum Opinion.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on ___November 27, 2013___.

Michael G. Williamson
United States Bankruptcy Judge

Attorney Timothy B. Perenich is directed to serve a copy of this memorandum opinion and order on interested parties and file a proof of service within 3 days of entry of the order.

**Timothy B. Perenich, Esq.**
**Perenich The Law Firm**
*Counsel for Debtor/Defendant*

**Beatriz E. Sanchez, Esq.**
**Englander Fischer LLP**
*Counsel for Plaintiff*